IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHNNY A. SELLERS,

                Plaintiff,

v.                                                             OPINION and ORDER

COLUMBIA CORRECTIONAL INSTITUTION'S           20-cv-578-jdp
HEALTH SERVICE UNIT,

                Defendant.

---

Plaintiff Johnny A. Sellers, appearing pro se, is a prisoner at Columbia Correctional Institution (CCI). Sellers alleges that prison medical staff have not gotten him treatment by an orthopedist for a painful hip condition, and I take him to be saying that he eventually attempted to hang himself because of the pain. He says that the pain medication that he has received is not working. He seeks leave to proceed in forma pauperis with his case, and he has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Sellers's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

I will dismiss Sellers's complaint because it does not name any defendants capable of being sued. Sellers's allegations suggest that prison staff disregarded his serious medical needs, both from his painful hip condition and injuries following his suicide attempt, which would be

enough to state claims under the Eighth Amendment to the United States Constitution. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (prison official violates Eighth Amendment by being aware of a substantial risk of harm to prisoner and disregarding it). But he does not explain who the defendants for this case are. The only defendant named in his complaint is the CCI Health Services Unit, but entities like prisons or departments within in the prison are not proper defendants for this type of lawsuit. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Instead, Sellers must include individuals in the caption of his complaint who were "personally involved" in the alleged constitutional violation, which means that he or she caused or participated in the violation. *See Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986).

Without naming a person capable of being sued, Sellers cannot proceed on any claims. So I will dismiss his complaint, and I will give him a short time to file an amended complaint that more clearly explains his claims. This will not be as simple as merely adding names of individuals to the caption. He should draft his amended complaint as if he were telling a story to people who know nothing about the events at issue. In particular, he should briefly explain what each of the people he names as defendants did to violate his rights. If he does not know the identity of particular defendants, he may label them as John Doe #1, John Doe #2, and so on, and the court has procedures by which he may make discovery requests to identify those defendants.

If Sellers fails to respond to this order by the deadline below, I will dismiss the case for his failure to state a claim upon which relief may be granted and I will assess him a "strike" under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Johnny A. Sellers's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until December 7, 2020, to submit an amended complaint.

Entered November 16, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge